May I proceed, Your Honor? Please. You must be Mr. Maloney. No, I'm Mr. Ellman, Your Honor. Oh, you're Mr. Ellman. It's the governess. Oh, it's the governess up here. It's so unusual to see. Sorry. Go ahead. Thank you, Your Honor. Mr. Ellman. Good morning, and may it please the Court. Robert Ellman for the United States. Your Honor, I did not know until I read the answering brief that the asset forfeiture issue in this case actually arose at the change of plea hearing in March of 2010. I assumed that the issue was broached initially in the brief that the defendant submitted in April of 2010. I apologize for not recognizing that as I reviewed the record and for not referencing the change of plea hearing. However, as the reply brief makes clear, nothing that transpired at the change of plea hearing affects much less controls the outcome of the asset forfeiture issue, which was extensively briefed and argued subsequently to the change of plea hearing. The district court in this case erred by refusing to issue the personal money judgment because such judgments are mandatory, not discretionary under the criminal forfeiture statutes. The language in the statutes is clear. It says, shall order. And I believe that Mr. Newman concedes the fact that it's mandatory. So the real question is whether the district court was obligated to issue a personal money judgment in the amount requested by the government.  Oh, sorry. Go ahead. That's the total amount if you add up the two robberies, yes? Yes, that's correct. Okay. What was the theory of Judge Mahan's reduction? Actually, a number of rationales were expressed both by the court and by the Federal public defender. Primarily, the court treated the criminal forfeiture money judgment as part of sentencing under 18 U.S.C. Section 3553A because the Supreme Court in Libretti stated that criminal forfeiture is a form of punishment. As such, Judge Mahan believed that it was within his discretion to reduce the forfeiture amount or not issue forfeiture at all. And why is that wrong? That's wrong because the case law is very specific about what has to be forfeited. And I'll quote that. The case law or the statutes? The case law, Your Honor. The statute. Let's just start with the statute. All right. We'll start with the statute. Judge Mahan correctly observed that the criminal forfeiture statutes don't actually say money judgments. It's only Rule 32.2 that expressly says the government can proceed through either a money judgment or specific property. However, at this point, nine different circuits, including the Ninth Circuit, have approved criminal forfeiture money judgments and found that they are authorized under the statute. And, in fact, Casey says that. And that's the Ninth Circuit case we rely on most heavily. It says the criminal forfeiture statutes mandate that a defendant forfeit a very specific amount, the proceeds of his criminal activity, as opposed to what an individual defendant received in payments through a conspiracy, for example, or an amount reduced for equitable considerations, which is also something this Court has rejected. In this case, unlike the other two, it's absolutely clear what the proceeds were, because it's the 5,000 and change from the two robberies. But the district court also, as I recall it, had kind of an offset and said, well, some of the money got returned, and so it's not fair to make him pay the same amount twice. What is your response to that sort of double-counting argument? First is that the courts have acknowledged the possibility that there would be, that the courts have acknowledged, and I'll cite the court to the Boulware case from the Ninth Circuit, that defendants may be required to pay restitution and forfeit the same amounts. Notably, Judge Mahan did not merely reduce the criminal forfeiture money.    But restitution is compensatory. In this case, he did not reduce the money judgment amount. He actually eliminated it altogether in this case. So there was no effort by the Court to offset it. But as I said, in the Boulware case and the Feldman case, which we also cited, restitution and forfeiture are distinct regimes with different purposes, so they can both be imposed, one in addition to the other. And restitution, the restitution amount was reduced to reflect the amount of money that agents actually recovered after the second bank robbery. Prior to get to the 5,100 amount? I'm reduced. Prior to the net amount, as I recall, it was about 5,100. Is that right? That's correct. That's the total amount robbed from the two banks, Your Honor.  And the restitution amount was reduced by the amount of money that agents recovered, anticipating that restitution would be mandatory in this case, which, of course, it is. Okay. So there's a restitution order? Correct. For the lower amount, whatever that is? Yes. But the 5,100, it was reduced to what, 100? Is that correct? In this case, I believe there is no judgment at all. Eliminated? Correct. Okay. That's right. And it's our position the Court erred by doing that because the forfeiture is mandatory rather than discretionary, and, again, because the amount to be forfeited is that specific amount. It's the proceeds of the criminal activity. I'm now getting confused in the numbers. I asked you a question to begin with. I said, you gave us a number, and I said that's the total amount taken in the two robberies, and you said yes. Yes. And what, again, is that amount? $5,102. And that's the amount of the forfeiture? That's correct. That's the amount we submitted for the forfeiture. Okay. And then how much money was actually recovered? I think it was approximately $2,000 from the second robbery, if I'm recalling correctly, Your Honor. And that money was paid back to the entity robbed? It will be paid back when the litigation ends. It's still in the possession of the government, but the government is not treating it as forfeited proceeds, Your Honor, because there's no forfeiture order and because we pay the restitution first and then we seek the forfeiture. But there is a restitution order for the $2,000, isn't there? Correct. Right. So, in effect, the government is asking for a total of $7,000, $5,100 for forfeiture plus the $2,000. Is that correct? Am I understanding that correctly? Approximately, yes, Your Honor, you are. Okay. Yes. So the total amount that the defendant would disgorge if the government were able to collect would be $5,102 times 2, because that would be the total amount for restitution and forfeiture. Oh, I see. All right. $10,000. So with respect to the $2,000, that just happens to be in the possession of the government at the moment. There's no — the restitution order did not mention that number? The restitution order was reduced by the amount of money that the agents recovered, because that's going to be paid back to the bank. All right. But doesn't the trial judge have some discretion with respect to the restitution side? I understand your argument on the forfeiture side. Actually, restitution is in some cases mandatory. It simply depends on whether it falls within the Mandatory Victims Restitution Act, I think is the name of the statute. Is restitution even an issue in this appeal? No, it is not, Your Honor. So we're strictly looking at whether the refusal to award the requested amount of forfeiture as the proceeds of these robberies was okay or not okay. Correct, Your Honor. And with that, I'd like to reserve the remainder of my time, if I may. Thank you. May it please the Court, Counsel Dan Maloney, Federal Defender's Office, Reno, Nevada, on behalf of appellee David Newman, defending the ruling of the trial judge. To begin from some of the discussion I had, maybe we should get the facts kind of firmly established as to what happened here. So bank robbery number one, Mr. Newman by himself. I believe the figure is $1,152. While on pretrial release for that one, new bank robbery with Mr. Biggers, there is a figure of $3,950. So that's where that total figure comes from. According to the presentence report, that bag of money from the second robbery, $3,950, was recovered by the government. It was seized by the government. By the time we get to the sentencing, there is a discussion that $3,950 bag of money has now gone down to a bag of money that has about $2,000 in it or maybe less. Is that relevant under the forfeiture statute, which refers to the proceeds of the crime without regard to where they went, whether they were seized or spent on a new car or whatever? If they're taken by the government, it is relevant, Your Honor. That's our first position, is that that bag of money is proceeds of the offense. Proceeds of the offense are defined in 853a, money obtained directly. And when the government takes proceeds of the offense, when the government seeks forfeiture of proceeds, they have to account for the proceeds that they've already taken. That's our position, I mean, in a nutshell. So it becomes relevant there. Not necessarily relevant in the forfeiture, but it is relevant in the or not necessarily relevant in the restitution. Well, then, are you conceding that the 3,500 or whatever should be forfeited? I don't understand your argument, because you're saying the bag of money should be forfeited. The bag of money is proceeds of the offense. All right. So, but in this case, the government says the forfeiture amount should be 5,102. Judge Mahan said it should be zero. And you're, in effect, confessing error up to whatever is in the bag. What we're saying is that what Judge Mahan was telling the government is, wait a minute, it's contested forfeiture under Rule 32.2 or 1BB. We need to have a hearing. And the government's position was, we don't have to show you proceeds. We know what the proceeds are. We don't have to have a hearing. We don't have to account for anything. It's all or nothing. It's 5,102 or nothing. And our position is, under those circumstances, when the government's position is all or nothing. If your theory is that the – let me see if I understand your position. It sounds like your theory is, yes, he netted or he stole $5,102. That was the proceeds of the crime. But, as I understand your argument, 3,950 was recovered or, in your view, that counts as a forfeiture, but that leaves 1,152. And it seems like under your theory, at a minimum, he would owe 1,152 as proceeds that have never been forfeited or seized. Two points to that. That would be a lawful forfeiture under our theory. Would or would not? Would. You get the statutory language is that you are – the government is entitled and is mandated to forfeiture of the proceeds of the offense. So if – let me just make sure I understand it. You are actually not disagreeing with the government's legal point that there's not disagreeing on the amount of the proceeds, because everybody knows how much was stolen. What you're really quarreling about in this case is whether the government grabbing onto the second bag of money equals the forfeiture as to the second robbery. Not necessarily equals the forfeiture. I mean, that may be a little too strong. But that bag of money is proceeds, and the trial court is entitled to take that into account in setting the amount of forfeiture. And then the other point that we make, and it's like the cases McGinty and Olquin, the case that they cited as supplemental authorities. He's not required to issue a money judgment for the full amount. I mean, there's the Eighth Amendment limit. If you can go up to the maximum, then you can also go a little bit below the maximum. And in cases with the government sites, there have been the courts of appeals will uphold forfeiture amounts for less than the total proceeds that have been established. Well, and I don't understand what Judge Mahan did here. If you made that same argument to Judge Mahan, my expectation is he would have said, okay, that's the amount. But he said the amount should be zero. Is that right? Yeah. And what happened is, first he told the government, okay, show me what happened to the proceeds of the offense. And the government said, we don't have to show you. And then he told the government, show me a statute that mandates I impose a money judgment in the full amount of the proceeds. And the government said, we don't have such a statute, but the case law says you have to. And under those circumstances, it was really an all-or-nothing litigation. Aren't they right about what the case law says? Casey and Bulwer and the other cases that are cited, don't they say that it's mandatory and that it can duplicate the restitution? The statute says it's mandatory, and can is the language. The statute does the case law doesn't say that it's mandatory, that every penny that's ever been identified as proceeds has to be enforced against the defendant in the form of a money judgment. And that's really what this case is about. They are allowed to impose less than the total amount of proceeds. And the judge has a role, and his role is a fact-finding role. Where are the proceeds? What happened to the proceeds? What are the values of the proceeds? Is there any substitute property available? If there's no substitute property available, should there be a money judgment, and what amount should it be? That's a good theory, but what support do you have for it? I mean, what do you do with our cases like Berger and Bulwer that say these are restitution and forfeiture or separate regimes, that two ships in the night that never meet? So I understand the theory. I can – it makes certain equitable sense, but we've got case law. How do you deal with the case law? First, the point – first, you have to look at the statutes. So there are the statutes. The arguments in Casey and Bulwer, is defendant entitled to a – is it mandatory can they impose it even if defendant has no asset? Can they – is it mandatory that there be a set-off for restitution amount? Even if it's not mandatory, does it mean it's not something that the judge can take into account in setting a proper forfeiture amount under the terms of the statute? But the statute says that imposing a sentence on a person convicted of violating various statutes, the court shall order that the person forfeit to the United States any property constituting or derived from proceeds obtained directly or indirectly. I'm leaving a few words out, but it's mandatory. It shall be done in the amount of the proceeds. And our point is, where are the proceeds? We never had a hearing to find out. It doesn't say that, though. It says – in fact, it suggests the opposite. Any property constituting or derived from proceeds the person obtained directly or indirectly as the result of the violation. It doesn't say anything about where they've gone since then. In fact, it suggests by the derivation language that maybe the bag of money was traded for a car or maybe the bag of money was given to a friend or maybe the government took it, but it doesn't seem to matter. Our point is, when the government takes the proceeds, those are still proceeds and they are part of what is forfeited under the terms of the statute. Proceeds are forfeited or substitute property is forfeited. And once those proceeds are forfeited, the government then just doesn't say, okay, you know, now this is behind my back, I've already taken that, I don't have to account for that in determining what are proceeds. That bag of money is proceeds of the offense. It is in the government's possession and the trial court is authorized to take that into account. Kennedy. You're familiar with our Casey case, yes? Yes, Your Honor. So Casey said even if the money isn't there, because in Casey the defendant didn't have the money, the government is entitled to forfeiture of the full amount. So it's not proceeds in the sense that we have to have the actual money or the thing you bought with the money. There, there was none of that because the money was gone. In Casey, as I recall, what happened is they got a forfeiture for $7,000. The defendant's argument was, wait, I paid $6,800 for the drugs. I don't have that $6,800. If that $6,800 was in the government's possession, that's a different case. That's this case. I mean, that's, that's a different case. You haven't waited for me to ask my question. Excuse me? You haven't waited for me to ask my question. Oh, sorry. I just want to make sure we're on the same page as the, the, about Casey. So what Casey is, the money isn't there, and yet the government gets the forfeiture, right? And the position of the government in this case is the money isn't here either because the defendant is going to have to spend that money on restitution. So in Casey, he bought drugs. In this case, he has to use this money to make restitution, which is also mandatory. So why is this case just like Casey? Drugs, restitution, you know, it's just another way of spending the money. And at the end of, at the end of the process, he's left with nothing, and still the government is entitled to forfeiture. I'm out of time here, Your Honor. I think my answer is the same. I'm sorry. What I'm trying to get you to do is distinguish Casey from me, because we are bound by our case law. I can't say I'm enamored with this case law myself, but, you know, there it is. How do I get around it? Let me say this, then. A couple of things going on. Casey was, in part, an ability-to-pay case. He doesn't have any assets. He doesn't have any proceeds. You're still entitled to the forfeiture because you're entitled to forfeiture of proceeds. In Casey, the proceeds went to a third party. They actually were part of the criminal offense. He spent them on the drugs. In this case, the proceeds went to the government. We say that's an important difference. When the proceeds go to the government, the trial court is entitled to fact-find as to what happened to the proceeds and to account for the proceeds already in the government's position. And at the end of McGinty, there is a statement to that effect when they went through McGinty. And I'm way over time, so Your Honor, I'll let you. But if you look at the end of McGinty, there's a statement that the ---- it was like $600 was the loss, $600,000 loss amount. Government asked for money judgment, $500,000. Defendant says I've already paid back $300,000. At the end of that, government is asking for a money judgment of $300,000, and the government is asking for fact-finding as to what's going to happen and what, if any, credit the defendant should receive for proceeds already in the receipt and possession of the government. And that's it. Scalia. Counsel, I have one quick factual question. In the plea agreement, page 4 of that agreement under forfeiture, the defendant knowingly and voluntarily agrees to the combined amount. What's the effect of that on this case? The supplemental record that we put into the case, they show up at the plea agreement. Defendant says, counsel says, I'm not ---- I can't go forward with the plea agreement because we can't agree to the forfeiture. The trial court says, it's okay with me. We'll go without a plea agreement if we need to. Do you want to do the plea agreement? So your position is the plea agreement is not effective, is that right? The plea agreement not binding as to the forfeiture, and in particular, what I would call the Court's attention to is supplemental exerted record 41, which, page 36, this is the government. With regard to that subparagraph G, forfeiture, the government this time is, with the Court's permission, basically proceeding with the understanding that this will go to some sort of hearing to determine the proper forfeiture. Thank you. So that's our position. Thank you. Mr. Almaney had some time left. Thank you, Your Honor. I want to be as clear as I can that the government is not attempting to recover $5,102 from Mr. Newman in addition to the amounts recovered so far that are only in the government's possession pending the end of the litigation. I believe the Court correctly perceives that monies that have been recovered so far are going to restitution. So to be clear, the maximum amount of money that the government would receive, assuming that it can execute on a judgment, will be $5,102. There was no hearing below because the only dispute is a legal one. That is to say, no evidentiary hearing. Everyone agrees on the amount of money taken from the bank. It's the government's position that that is the proceeds amount. But it's the defendant's position that it's not, that it has to be offset. But we've cited the cases saying that an offset is not available. The Casey decision says that the government is entitled to a money judgment. And that's the words they use. Quote, because we hold the government is entitled to a money judgment in criminal forfeitures, even when the defendant has no assets, the district court erred by refusing to enter the requested money judgment against Casey. End quote. The same applies here, Your Honor. Thank you. Thank you. Okay, so our case is now being submitted. We'll next hear argument in United States v. Tedesco. You're back. Yes, Your Honor. Good morning, Robert Ellman, again. May it please the Court. This is a mortgage fraud case in which the United States sought a million dollar criminal forfeiture money judgment, and the court imposed a $100,000.
judges: Kozinski, O'scannlain, Graber